UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TRACEY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00244-JPH-MG |
| | ) | |
| ZATECKY Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Tracey Wheeler filed this civil rights action alleging that employees at Putnamville Correctional Facility violated his rights by closing windows during hot months as a form of punishment, retaliating against him, and failing to provide him clean clothes for two weeks. Because Mr. Wheeler is incarcerated, this Court must screen his amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Wheeler filed a 130-page civil rights complaint with misjoined claims in cause number 2:22-cv-00073-JPH-MG. Dkt. 4. The Court provided him the opportunity to sever the claims into new actions, and this action followed. *Id.* at 2.

Mr. Wheeler filed an amended complaint, dkt. 10, which is now the operative complaint. Mr. Wheeler names seven defendants: (1) Indiana Department of Correction ("IDOC") Commissioner Robert Carter; (2) Dushan Zatecky; (3) Sergeant Stormy; (4) Sergeant Lawson; (5) Chris Williams; (6) E-Squad John Doe #1; and (7) J. Helderman II.

### A. Heat-Related Conditions at Putnamville

Putnamville does not have air conditioning. Mr. Wheeler alleges that in the summer months of 2021, Warden Zatecky and Commissioner Carter instituted a policy wherein any time an inmate spoke to someone through a window, all the windows would be closed as a form of punishment. Mr. Wheeler asserts that the window policy was intentionally punitive because Putnamville staff only implemented it during summer months.

On August 11, 2021, Sergeant Lawson closed the windows after an inmate talked through it. The inmates in the dorm began protesting, and the inmate who had talked admitted to being the culprit, but Sergeant Lawson closed the windows instead of writing up the inmate. Later that day, Sergeant Stormy did the same. Mr. Wheeler was hot and could not sleep. The inmates who spoke through the window did not reside in the section of the dorm affected by the windows' closure.

Commissioner Carter was visiting Putnamville on October 14, 2021.[1] At some point, a special unit called "E-Squad" came into Mr. Wheeler's dorm and ordered all inmates onto their beds. The electricity was shut off, and the E-squad closed all the windows on Commissioner Carter's order. These conditions lasted over 8 hours. At one point, an inmate passed out. Mr. Wheeler started to get a headache and had other symptoms he believed were consistent with heat stroke. He tried to alert staff to get medical aid, but E-Squad member John Doe yelled at him to "get the fuck on [his] bunk," and Mr. Wheeler complied. Dkt. 10 at 13. As a result, Mr. Wheeler received no medical attention. Mr. Wheeler filed grievances to try to get the names of all staff involved in this incident, but Warden Zatecky and Commissioner Carter refused to provide them.

In addition to the window policy, Mr. Wheeler alleges that he suffered from the heat due to an insufficient number of fans. The dorms at Putnamville had box fans, but the most violent inmates would control the fans and point them at themselves and threaten non-violent inmates who tried to use them. Mr. Wheeler said that due to the lack of air conditioning, proper ventilation, and an insufficient number of fans, he would regularly suffer from headaches and struggled to sleep.

Mr. Wheeler complained to Warden Zatecky and Commissioner Carter about the window policy and fan problems through grievances and letters. Grievance specialist Chris Williams would screen Mr. Wheeler's grievances and, in an effort to protect his co-workers and retaliate against Mr. Wheeler for complaining, he would decline to process grievances related to the heat or Warden Zatecky.

### B. Retaliatory Conduct Related to Classification

Beginning in April 2021, Mr. Wheeler requested to be placed in a minimum-security facility. Mr. Wheeler's request was denied by the facility classification department, Warden

---

[1] Mr. Wheeler alleges that the temperatures were still reaching the 80s during October 2021. Dkt. 10 at 12, n. 4.

Zatecky, and the director of classification in Indianapolis. Mr. Wheeler wrote a letter to director of adult facilities Richard Brown in June 2021, informing Mr. Brown that Putnamville staff was not following IDOC classification policy. Mr. Brown responded to the letter, stating that Mr. Wheeler's counselor was to review his classification to see if he met the criteria for a level adjustment and facility transfer. In July 2021, case worker R. Archer conducted a classification hearing and recommended that Mr. Wheeler be transferred to a level-one facility.

The facility disagreed with the recommendation and scored Mr. Wheeler as a "level one restricted." Dkt. 10 at 15. Mr. Wheeler appealed the classification decision to Warden Zatecky and told him that the only reason this action was taken was in retaliation for Mr. Wheeler writing to Mr. Brown and alerting him to Putnamville violating IDOC policy. Warden Zatecky didn't respond.

After resubmitting the classification appeal, Warden Zatecky denied it based on Mr. Wheeler's criminal history. Mr. Wheeler believed this reason was capricious and retaliatory because his criminal history was non-violent, so he appealed. The IDOC classification director granted the appeal, and on October 1, 2021, recommended that Mr. Wheeler be classified to level one.

Mr. Wheeler also alleges that Warden Zatecky interfered with Mr. Wheeler's clemency request and sentence modification process. The parole board is in charge of clemency, and Mr. Wheeler must obtain permission from the prosecutor to seek a sentence modification. Warden Zatecky intervened in both, stating he did not recommend Mr. Wheeler for release because of major class A conduct reports, including battery on staff. However, Mr. Wheeler had never received major class A conduct reports and had never been accused of assaulting jail staff. Both

the clemency request and sentence modification requests were denied due to Warden Zatecky's false allegations.

Mr. Wheeler believes Warden Zatecky retaliated against him for contacting Mr. Brown about his concerns related to the conditions at Putnamville and the classification error. Mr. Wheeler tried to file grievances related to Warden Zatecky's retaliatory actions, but Grievance Specialist J. Helderman refused to submit these grievances, frustrating his attempt to exhaust this claim.

### C. Access to Clean Clothes

Inmates at Putnamville are allowed to have two sets of clothes. Mr. Wheeler turned in one set for laundering, but this set was lost. After five days of wearing the same clothing, Mr. Wheeler submitted a grievance, and the grievance specialist responded that laundry staff had 14 days to respond to laundry requests. Mr. Wheeler appealed this response to Warden Zatecky and IDOC Central Office, but nothing was done to change the policy. Mr. Wheeler had to wear the same set of dirty clothes for over two weeks in August 2021.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, some claims shall proceed while others are dismissed.

### A. Claims to Proceed

An Eighth Amendment conditions-of-confinement claim **shall proceed** against Warden Zatecky and Commissioner Carter based on the theory that the window policy, including its use on the day of the E-squad raid, in conjunction with the lack of sufficient fans created a risk of harm to Mr. Wheeler's health and safety. A conditions-of-confinement claims **shall also** proceed against Warden Zatecky and Commissioner Carter based on Mr. Wheeler's allegations that the laundry

5

policy resulted in him having to wear dirty clothes for over two weeks. *See Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014).

A retaliation claim **shall proceed** against Warden Zatecky based on Mr. Wheeler's allegations that he filed grievances and contacted Richard Brown in the IDOC Central Office concerning the conditions at Putnamville and Putnamville's failure to properly classify him, and Warden Zatecky retaliated by sending false information to the individuals considering Mr. Wheeler's placement, clemency petition, and sentence modification petition.

Because Mr. Wheeler seeks only damages in his amended complaint, these claims shall proceed against the defendants in their individual capacities only. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity.").

### B. Dismissed Claims

The following claims are **dismissed** for failure to state a claim upon which relief may be granted.

> **a. Eighth Amendment Conditions-of-Confinement Claims against Sgt. Stormy and Sgt. Lawson and Failure to Protect Claims against Warden Zatecky and Commissioner Carter**

All Eighth Amendment conditions claims against Sgt. Stormy and Sgt. Lawson for closing the windows on August 11, 2021, are **dismissed**.

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Extreme cell temperatures . . . can violate the Eighth Amendment." *Ball v. LeBlanc*,

792 F.3d 584, 592 (5th Cir. 2015); *see also Jones-El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004) (upholding enforcement order requiring prison in Wisconsin to install air conditioning based on plaintiff's claims they were subjected to extreme temperatures in violation of the Eighth Amendment). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind, i.e., that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. "Whether conditions of confinement are cruel and unusual must be judged in accordance with contemporary standards of decency." *Giles*, 914 F.3d at 1051.

There are no factual allegations about the duration of the alleged extreme temperature or the severity of the temperature when on two different occasions on August 11, 2021, the sergeants closed the windows.

Mr. Wheeler also fails to allege facts to support the subjective prong of the deliberate indifference analysis. Mr. Wheeler states that when the sergeants closed the windows, he began to sweat, struggled to breathe, and had trouble sleeping. Dkt. 10 at 6−7. He does not allege that he informed the sergeants that he was experiencing these health issues; thus, there is no allegation that they were aware that closing the windows on this particular day exposed him to any risk of harm. *Thomas*, 2 F.4th at 720. And although he alleges he was exposed to the risk of heat stroke and organ failure, he does not allege that he actually suffered any serious health effects from closing windows that day. Conditions that are temporarily uncomfortable but that do not result in harm do not state a claim under the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232,

7

1235 (7th Cir. 1988); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (noting that when examining Eighth Amendment claims based on temperature, courts look at duration of the extreme temperature, severity of the temperature, and whether the temperature problem was linked to other poor conditions such as pests or overcrowding).

Failure-to-protect claims (labeled as "failure to act" claims in the complaint) against Warden Zatecky and Commissioner Carter are **dismissed** for failure to state a claim upon which relief may be granted. Mr. Wheeler alleges that he was subjected to danger because violent inmates controlled the fans, and they threatened him when he asked to use the fans. But he does not allege that he was ever actually attacked by anyone. *See Hawkins-El v. Hyatte*, 2022 WL 10327307, *1 (7th Cir. Oct. 18, 2022) (noting that to survive screening on a failure-to-protect claim, a plaintiff must allege that prison officials had actual knowledge of a pending attack and harm can be inferred from their failure to prevent the attack) (citing *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)).

### b. E-Squad John Doe Officer and Access to Court Claim

Mr. Wheeler's conditions-of-confinement claim against the E-Squad John Doe officer is **dismissed** for failure to state a claim upon which relief can be granted. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If through discovery, Mr. Wheeler is able to learn the name of the unknown officer, he may seek leave to add a claim against them. Because Mr. Wheeler has not suffered an injury from not knowing John Doe's identity (as he may yet discover his identity and amend his complaint), Mr. Wheeler's access-to-court claim against

Warden Zatecky and Commissioner Carter is **dismissed** for failure to state a claim upon which relief may be granted. *See In re Maxy*, 674 F.3d 658, 660−61 (7th Cir. 2012).

### c. Equal Protection Claim

Mr. Wheeler raises a Fourteenth Amendment equal protection claim based on Sgt. Stormy and Sgt. Lawson's decision to punish the inmates within Mr. Wheeler's dorm unit instead of the inmates who talked through the window. This claim is **dismissed** for failure to state a claim upon which relief may be granted. To state an equal protection claim, Mr. Wheeler must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Mr. Wheeler does not allege facts that support any of these elements.

Nor does he state an equal protection claim under the class-of-one theory. "A plaintiff alleging a class-of-one-equal-protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Mr. Wheeler was subjected to the same uncomfortable room temperatures as the other inmates in his dorm.

### d. Due Process Claim

Mr. Wheeler's claim that Warden Zatecky violated his right to due process by interfering with his classification appeals, which aimed to place him in a level one facility, are **dismissed**. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court explained that state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the

ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). Mr. Wheeler's factual allegations do not support an inference that failure to be placed in a Level one facility subjected him to atypical and significant deprivations. *See, e.g. Isby v. Brown*, 856 F.3d 508, 524−25 (7th Cir. 2017) (finding due process rights are triggered when an inmate has been held in solitary confinement for over ten years).

### e. Retaliation Claims against Grievance Specialists

Mr. Wheeler alleges that (1) Grievance Specialist Chris Williams refused to submit grievances related to the extreme heat to protect his co-workers, and (2) Grievance Specialist J. Helderman II interfered with Mr. Wheeler's ability to exhaust his claims against Warden Zatecky for his retaliatory acts by refusing to process Mr. Wheeler's grievances.

These retaliation claims are **dismissed** for failure to state a claim upon which relief may be granted. To state a First Amendment retaliation claim, Mr. Wheeler must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017).

With respect to Mr. Williams, Mr. Wheeler states that Mr. Williams refused to file the grievances to protect his co-workers, not that he was retaliating to deter Mr. Wheeler from filing grievances. Similarly, with Mr. Helderman, Mr. Wheeler alleges that Mr. Helderman refused to file grievances to prevent Mr. Wheeler from exhausting his retaliation claims against Warden Zatecky. The refusal to accept grievances is not a deprivation likely to deter First Amendment activity. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison

employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Additionally, the PLRA's exhaustion requirement does not create a freestanding right under federal law to access the administrative remedy process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (finding no Fourteenth Amendment substantive due process right to an inmate grievance procedure.); *Owen v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (no right to a grievance procedure under the First Amendment or Due Process Clause). Accordingly, Mr. Wheeler's claims against the grievance officers are **dismissed**.

### C. Summary

The claims proceeding in this action are Eighth Amendment conditions-of-confinement claims against Warden Dushan Zatecky and Commissioner Robert Carter and First Amendment retaliation claims against Warden Zatecky. All other claims are **dismissed**. If Mr. Wheeler believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through November 23, 2022,** in which to identify those claims.

The **clerk is directed** to terminate John Doe, Indiana Department of Correction, Sergeant Stormy, and Chris Williams as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Warden Dushan Zatecky and Commissioner Robert Carter in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [10], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TRACEY WHEELER
140083
Vigo County Jail
600 W. Honey Creek Dr.
Terre Haute, IN 47802

Electronic Service to IDOC Employees:
Dushan Zatecky (Putnamville)
Robert Carter (Central Office)